UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PAUL DAWKINS,

                              Plaintiff,

v.                                                            **ORDER**

ERIC CARMACK, et al.,                                23-CV-01469 (PMH)

                              Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Paul Dawkins ("Plaintiff"), on or about February 3, 2023, commenced an action in the Supreme Court of the State of New York, County of Westchester, against Eric Carmack and EMR Transport, LLC ("Defendants") by the service and filing of a Summons and Complaint. (Doc. 1, "Not."; Doc. 1-1, "Compl."). Defendants removed this action from state court on February 22, 2023, pursuant to 28 U.S.C. §§ 1332(a)(1). (Not. at 2).

      The basis for removal is the alleged diversity of the parties under 28 U.S.C. § 1332(a). (*Id.*). Defendants assert that "the action—both now and when it was started in state court—is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs." (*Id.*). The Complaint, however, states merely that "Plaintiff is entitled to damages in a sum which exceeds the sum or value established by 28 USC § 1332(a) exclusive of interests and costs" and is lacking in additional details to support this assertion. (Compl. at 12). This conclusory reference to 28 U.S.C. § 1332(a) fails to adequately establish that the amount in controversy exceeds $75,000.

      "[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d

269, 273 (2d Cir. 1994)). Moreover, "federal courts are instructed to construe the removal statute narrowly, resolving any doubts against removability." *Gomez v. Dormont Mfg. Co.*, No. 20-CV-07395, 2020 WL 5525749, at *2 (S.D.N.Y. Sept. 15, 2020) (quotation removed). Ultimately, "[t]he amount in controversy must be non-speculative in order to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *Perez v. Sodexo, Inc.*, No. 20-CV-04176, 2021 WL 2333640, at *3 (E.D.N.Y. June 7, 2021); *see also Valente v. Garrison from Harrison LLC*, No. 15-CV-06522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.").

Because the Complaint's boilerplate and conclusory reference to the threshold amount in controversy under § 1332(a) is insufficient, the Court is unable to conclude that diversity jurisdiction exists here. Accordingly, by 5:00 p.m. on March 9, 2023, Defendants shall file a letter via ECF explaining the basis for their assertion that the amount in controversy is met here, support any factual statements with an affidavit from a person with personal knowledge, and cite to in-Circuit authority for any conclusions of law. Failure to properly support the assertion of jurisdiction will result in remand.

Defendants are directed to serve a copy of this Order on Plaintiff via e-mail to his counsel.

**SO-ORDERED:**

Dated: White Plains, New York
       March 2, 2023

_____
Philip M. Halpern
United States District Judge